UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PATRICIA AILES                    *        CIVIL ACTION

VERSUS                            *        NO: 07-1595

STATE FARM FIRE AND CASUALTY      *        SECTION: "D"(1)
COMPANY

**ORDER AND REASONS**

Before the court are the following motions filed by Defendant, State Farm Fire and Casualty Company:

(1) **Motion for Partial Summary Judgment on Flood Offset and Coverage "A" Damages (Doc. No. 26)**; and

(2) **Motion for Partial Summary Judgment on Bad Faith (Doc. No. 27).**

Plaintiff, Patricia Ailes, filed memoranda in opposition to these motions. (Docs. Nos. 28 & 29). The motions, set for hearing on Wednesday, May 20, 2009, are before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court rules as follows.

**(1) State Farm's Motion for Partial Summary Judgment on Flood Offset and Coverage "A" Damages (Doc. No. 26)**

Plaintiff's home, located at 6633 Center Street in New Orleans, Louisiana, was allegedly damaged by wind and flooding associated with Hurricane Katrina. State Farm (as a Write Your Own carrier under the National Flood Insurance Program) paid Plaintiff the limits of $79,400 in dwelling coverage under her flood policy.[1] State Farm also paid Plaintiff $46,790.15 for Coverage "A" wind damages[2] under her homeowner's policy (which had limits of $87,200).[3] Thus, Plaintiff has received a total of $126,190.15 for damage to her home (= $79,400 under her flood policy + $46,790.15 under her homeowner's policy).

On August 25, 2006, Plaintiff (and other named Plaintiffs) initially filed this suit against State Farm in the Civil District Court for the Parish of Orleans, State of Louisiana. The matter was removed to this court, and under the court's protocol that the claims of more than one plaintiff be severed into individual suits

---

[1] The State Farm Flood Claim Log indicates that Plaintiff's property had an interior water level of eight feet for two weeks. (State Farm's Ex. C).

As a WYO, State Farm also paid Plaintiff the limits of $10,800 for contents coverage under her flood policy. State Farm's motion addresses only the amounts paid to date for the structural damage.

[2] State Farm issued Plaintiff a check in the amount of 12,233.67 on November 21, 2005, and a check in the amount of 34,556.38 almost a year later on November 10, 2006. (State Farm's Exs. G & I).

[3] Plaintiff's homeowner's policy is an open peril policy and damage due to flooding is excluded. (*See* Homeowner's Policy at p. 10, ¶2( c)( 1)).

2

with each suit addressing one distinct property, Plaintiff a "First Supplemental and Amended Complaint," claiming that "[t]he damages suffered by Complainant to her residence located at 6633 Center Street in New Orleans, Louisiana 70130 were caused by wind, wind driven rain, flooding and waters entering the City of New Orleans and surrounding parishes on August 29, 2005." (First Supp. & Amend. Complaint at XX). Plaintiff seeks additional recovery under her homeowner's policy as well as penalties under LSA-R.S. 22:658 and LSA-R.S. 22:1220.

In its instant **Motion for Partial Summary Judgment on Flood Offset and Coverage "A" Damages (Doc. No. 26)**, State Farm argues that the total amount of damages which Plaintiff has received under both her flood policy and homeowner's policy ($126,190.15):

> exceeds plaintiffs' (*sic*) $87,200 Coverage "A" homeowner's policy limits by $38,990.15...[4] [B]ecause plaintiff's recovery for damage to the dwelling exceeds her homeowner's policy Coverage A limits, State Farm is entitled to this credit. Nothing more is to be paid to plaintiff because she has been fully compensated, if not exceedingly compensated by over $35,000,[5] on Coverage "A" for this

---

[4] $126,190.15 (total payments under flood and homeowner's policies) - $87,200 (coverage "A" limits under homeowner's policy) = $38,990.15.

[5] State Farm notes that:

State Farm's damage estimate includes $2,658.36 for damage to the carport and patio cover....It is unclear whether this amount was paid under "dwelling" or "dwelling extension." Regardless, even if treated as having been paid under "dwelling extension," plaintiff's payments for dwelling damage under Coverage

>           property.

(*See* State Farm's Memo., Doc. No. 26-2, at pp. 4-5).

State Farm alternatively argues that:

> in the event the Court finds that Defendant must pay the replacement cost of the property under the homeowner's policy, albeit unknown, State Farm is entitled to credit or offset for the amounts previously paid under the flood and homeowner's policies and requests the Court for partial judgment as a matter of law on this issue.

(*Id.* at p. 5).

As a matter of law, insurance contracts are contracts of indemnity and an insured cannot recover twice for the same loss. Thus, Plaintiff cannot obtain a double recovery by reclassifying damages previously attributed to flood, and paid for under a flood policy, as now being attributable to wind.[6] But Plaintiff "is entitled to recover ... *any previously uncompensated* losses that are covered by [her] homeowner's policy *and which when combined with [her] flood proceeds do not exceed the value of [her]*

---

"A" would still exceed her homeowner's coverage "A" limits by over $35,000.

(State farm's Memo., Doc. No. 26-2 at p. 5, n. 3)

[6] To the extent that Plaintiff's home suffered wind damage apart from and in addition to flood damage, Plaintiff may seek compensation only for that wind damage. However, Plaintiff cannot seek damages under her homeowner's policy for the *very same losses* for which she has already been compensated under her flood policy. Further, because Plaintiff accepted flood payments under her flood policy, she cannot now claim that the loss to her property was caused *solely* by wind to trigger Louisiana's Valued Policy Law.

4

*property.*"[7]  *Esposito v. Allstate Ins. Co.*, 2007 WL 1125761 at *2 (E.D. La. 2007)(Zainey, J.).

Here, it is unclear to the court, at this juncture, whether Plaintiff is seeking previously uncompensated losses covered by her homeowner's policy and whether segregable wind damage caused Plaintiff uncompensated damage.[8]  Further, State Farm has not presented the court with undisputed evidence that conclusively establishes the value of Plaintiff's property.  Therefore, the court cannot determine that Plaintiff is limited to a specific amount of damages.

Finally, State Farm's estoppel argument (whether equitable or judicial in nature) fails because "the mere receipt of payments under [Plaintiff's] flood policy does not, without more, amount to a representation that [Plaintiff's] damage was caused exclusively by water such that their recovery must be limited accordingly." *Boussard v. State Farm*, 2007 WL 2264535 at *4 (E.D. La. 2007)(Vance, J.).

Accordingly;

---

[7] In any event, Plaintiff cannot recover more than the maximum amount payable under her homeowner's policy.

[8] No policy provision or legal principle prevents Plaintiff from recovering for previously uncompensated, covered damage, without reference to the amount received from her flood policy, so long as the combined recovery does not exceed the value of her property. *Broussard v. State Farm*, 2007 WL 2264535 at *5 (E.D. La. 2007)(Vance, J.); *Wellmeyer v. Allstate*, 2007 WL 1235042 at *2 (E.D. La. 2007)(Feldman, J.)("[N]othing bars the [plaintiffs] from collecting under their homeowner's policy for wind damage and from collecting under their flood policy for flood damage if they can segregate and prove the two types of damages.")

5

**IT IS ORDERED** that State Farm's **Motion for Partial Summary Judgment on Flood Offset and Coverage "A" Damages (Doc. No. 26)** be and is hereby **GRANTED** to the extent that the court finds that Plaintiff is not entitled to double recovery for the same loss, but the motion is **DENIED** to the extent that State Farm seeks to limit to a specific amount of damages. Plaintiff is entitled to recover *any previously uncompensated* losses that are covered by her homeowner's policy *and which when combined with her flood proceeds do not exceed the value of [her] property*.

**(2) State Farm's Motion for Partial Summary Judgment on Bad Faith (Doc. No. 27).**

The court **GRANTS** this motion to the extent that the court concludes that the pre-2006 amendment version of LSA-R.S. 2:658 is applicable in this case, and Plaintiff's recovery of penalties under this statute, if any, is limited to 25% of the amount found to be due to Plaintiff under her homeowner's policy, and she is not entitled to attorney's fees under this statute.

Otherwise, the court **DENIES** this motion, because at this juncture, the court finds that there are genuine issues of material fact regarding whether State Farm's conduct in this matter was arbitrary, capricious or without probable cause.

New Orleans, Louisiana, this **26th** day of **May**, **2009**.

                                                                            _____
                                                                            A.J. McNAMARA
                                                      UNITED STATES DISTRICT JUDGE